UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4914 PA (SPx) | Date | October 26, 2011 |
|---|---|---|---|
| Title | Charles Doell v. Louis Vuitton N. Am., Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**          IN CHAMBERS – COURT ORDER

  Before the Court are a Motion to Certify Class filed by plaintiffs Charles Doell and Jeffrey Kaplan ("Named Plaintiffs") (Docket No. 24) and a Motion to Dismiss First Amended Complaint filed by defendants Louis Vuitton North America, Inc. and Louis Vuitton Malletier, S.A. ("Defendants") (Docket No. 27). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The hearing calendared for November 7, 2011, is vacated, and the matters taken off calendar.

  In their Opposition to the Motion to Certify Class, Defendants contend that the claims of Named Plaintiffs and many of the putative class members are barred by the California Fine Print Act's ("FPA") statute of limitations. That statute of limitations requires FPA claims to be brought within one year. See Cal. Civ. Code § 1745(c) ("No action shall be maintained to enforce any liability under this section unless brought within one year after discovery of the violation upon which it is based and in no event more than three years after the multiple was sold.").

  Named Plaintiffs filed this action on June 9, 2011. The First Amended Complaint ("FAC") alleges that Charles Doell purchased his print from Defendants on November 25, 2007 and that Jeffrey Kaplan purchased his prints on October 27 and 29, 2007. The Complaint additionally alleges that a prior putative class action was filed by Clint Arthur on behalf of the same class on June 23, 2008, and remained pending until it was dismissed on December 1, 2010 without the class having been certified. The FAC alleges that as a result of the pendency of the Arthur action, "there has been an equitable tolling of the applicable statute of limitations during that period."

  According to Defendants' Opposition to the Motion to Certify Class, even if the statute of limitations was equitably tolled while the Arthur action remained pending, Named Plaintiffs' individual claims are barred by the statute of limitations because the period between their purchases and the filing of the Arthur action, added to the time from the dismissal of the Arthur action to the filing of this action, exceeds one year. This argument was not, however, among the arguments asserted in Defendants' Motion to Dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4914 PA (SPx) | Date | October 26, 2011 |
|---|---|---|---|
| Title | Charles Doell v. Louis Vuitton N. Am., Inc., et al. | | |

      The Court believes that resolution of the statute of limitations issue may allow the Court to resolve Named Plaintiffs' claims without the necessity of resolving issues related to the class action allegations. Because the FAC reveals on its face that Named Plaintiffs' claims are barred by the applicable statute of limitations, and does not allege any facts other than the pendency of the <u>Arthur</u> action for why the statute of limitations should be tolled, the Court orders Named Plaintiffs to show cause in writing why their claims should not be dismissed because they are barred by the FPA's statute of limitations. In responding to this order to show cause, Named Plaintiffs shall include all additional facts they might allege in an amended pleading that would prevent the application of the FPA's statute of limitations to their claims. Named Plaintiffs' response to this order to show cause shall be filed by November 7, 2011. Defendants may file a response no later than November 14, 2011. After that date, the matter, as well as the pending Motion to Certify Class and Motion to Dismiss, will be deemed under submission and the Court's Clerk will notify the parties once the Court has issued an order.

      IT IS SO ORDERED.